IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDALL ARMFIELD, individually
and on behalf of all others similarly
situated,

  Plaintiff,

v.

SECURE ENERGY SERVICES USA,
LLC; SECURE DRILLING SERVICES
USA, LLC D/B/A MARQUIS ALLIANCE
ENERGY GROUP USA, LLC,

  Defendants.

Civil Action No. 1:14-cv-02993-CBS

## STIPULATED PROTECTIVE ORDER

The allegations and defenses in this case may put at issue trade secrets or other confidential research, development, or commercial information of defendants, including without limitation confidential personnel information of employees. The allegations and defenses may also put at issue the financial records and related information of plaintiffs and other employees. Pursuant to Fed. R. Civ. P. 26(c), the need to protect the confidentiality of this information and disclose it only in designated ways is good cause for entry of a protective order. Accordingly, the court enters a protective order as follows.

  1. <u>Definitions</u>.  As used herein, the terms set forth below shall have the following meaning:

    a. "Action" means the above-referenced lawsuit captioned *Armfield et al. v. Secure Energy Services USA, LLC, et al.,* Civil Action No. 1:14-cv-02993-CBS.

    b. "CONFIDENTIAL INFORMATION" shall include, but not be limited to, trade secrets, financial data, and other technological, operational and/or proprietary information

105108522.3

relating to Defendants' business that is not publicly available or known. Confidential information shall also include sensitive personnel information regarding Defendants' current and/or former employees. In addition, Confidential information shall include sensitive personal information pertaining to named and opt-in plaintiffs in this matter, including but not limited to tax information, bank account information and other financial information.

      c.    "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

      d.    "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 2.

      e.    "Discovery Material" shall mean documents, testimony, interrogatory answers or other information disclosed in this Action.

      f.    "Party" means any person, association, partnership, corporation or other entity that is named as a party in, or who opts in as a party to, this Action.

      g.    "Attorneys" means counsel of record in this Action.

      h.    "Producing Party" means any party to this Action who responds to a discovery request or otherwise provides information to another Party or the Court in connection with this Action.

      i.    "Receiving Party" means any Party who receives information from a Producing Party.

      j.    "Third Party" means any person, association, partnership, corporation or other entity that is not a party in this Action.

   2.    Designation of Information as "Confidential"

      a.    Any Party to this action may designate as "Confidential" any CONFIDENTIAL INFORMATION produced in this Action, including documents, discovery responses and transcripts containing CONFIDENTIAL INFORMATION.

     b. Discovery Materials designated as "Confidential" (and all copies, summaries, or quotations of such information) shall be used solely for purposes of this Action and shall not be used for any business, commercial, competitive, personal or other purposes, and shall not be transferred, disclosed or communicated (directly or indirectly) to any person other than the following:

       (1) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case;

       (2) Attorneys in this Action and their office staff, legal assistants, and clerical employees, for purposes related to this litigation and to the extent such disclosure is reasonably necessary;

       (3) In-house counsel for Defendants and their office staff, legal assistants, and clerical employees, for purposes related to this litigation and to the extent such disclosure is reasonably necessary;

       (4) Any Party or officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

       (5) Persons shown on the face of a document to have authored or received the document;

       (6) Expert witnesses retained for the prosecution or defense of this litigation; and

       (7) Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony.

105108522.3

Before being given or shown any Discovery Materials designated as "Confidential," persons in categories (6) and (7) shall be provided with a copy of this Protective Order and agree to be bound by its terms, which agreement shall be in substantially the form of the agreement attached as Exhibit A to this Order.

c.   The parties shall have the right to further designate CONFIDENTIAL INFORMATION or portions thereof as "Confidential – Attorneys' Eyes Only."  Disclosure of such information to any individual not affiliated with the producing party shall be limited to the persons designated in paragraphs 2.b. (1), (2), (3), (5), and (6).

d.   Third parties producing documents in the course of this Action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

e.   Any and all documents or discovery responses claimed "Confidential" by a party shall be identified as such by stamping or labeling each page of the document or discovery response claimed confidential with the word "Confidential" or, in the case of documents produced by a third party, by designating in writing the Bates ranges of documents considered confidential.

f.   Deposition testimony containing or reflecting CONFIDENTIAL INFORMATION is to be governed by the terms of this Protective Order.  All depositions or

portions of depositions taken in this Action that contain trade secret or other CONFIDENTIAL INFORMATION may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 15 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 15-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that includes CONFIDENTIAL INFORMATION shall be taken only in the presence of persons who are qualified to have access to such information.

      g.     In the event a Producing Party elects to produce large volumes of files and records for inspection and a Receiving Party desires to inspect such files and records in order to facilitate prompt discovery, no designation of confidentiality need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all Documents within the produced files and records shall be treated as CONFIDENTIAL INFORMATION. Thereafter, upon selection by a Receiving Party of specified Documents for copying, the Producing Party shall mark the copies of such Documents that contain CONFIDENTIAL INFORMATION with the appropriate legend referred to above in subparagraph 2(e).

      3.    <u>Use of CONFIDENTIAL INFORMATION in Court Filings and at Trial/Hearings.</u>

      a.     If a party files a document containing CONFIDENTIAL INFORMATION with the Court, it shall be filed pursuant to D.C.Colo.L CivR 7.2 (b) designated Level 1. No further Motion to Restrict pursuant to D.C.Colo.L CivR 7.2(c) shall be necessary for such filing.

105108522.3

   b. The use of CONFIDENTIAL INFORMATION at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.  Prior to disclosure at trial or hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

  4. Restriction on Use of CONFIDENTIAL INFORMATION

   a. Information designated as "Confidential" pursuant to this Order shall be used only for purposes of this litigation and shall not be publicized, revealed or otherwise made available to any person other than as described in subparagraph 2.b.

   b. Nothing in the Order shall prevent disclosure beyond the terms of this Order if the Party designating the information as "Confidential" has previously consented to such disclosure, in writing or on the record, or if the Court, after notice to all Parties, orders such disclosure.

  5. Inadvertent Failure to Designate as Confidential; Inadvertent Disclosure

   a. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall promptly, upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents.  Any party receiving such inadvertently unmarked or improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

   b. In accordance with Federal Rule of Evidence 502(b) and (d), any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and

request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

6. <u>Objections to Designation of "Confidential."</u> In the event, at any stage of the proceedings, any party to these cases disagrees with designation of any information as CONFIDENTIAL INFORMATION, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment. Information subject to such a motion shall be treated as "Confidential" pending resolution of the motion by the Court.

7. <u>Disposition of CONFIDENTIAL INFORMATION Following Conclusion of Action</u>. Upon request of the Producing Party, all originals and copies of the CONFIDENTIAL INFORMATION shall be destroyed or returned to the Producing Party within 90 days of the final disposition of this action, whether by dismissal, settlement, judgment or appeal. In addition, the Receiving Party shall destroy all copies of CONFIDENTIAL INFORMATION and any summaries, extracts and/or data taken from documents designated as "Confidential" or "Confidential-Attorneys' Eyes Only." Notwithstanding the foregoing requirement, one attorney for each side shall be entitled to retain one complete set of all documents produced or generated in this Action. Such documents may not be disclosed or used for any purpose except to defend counsel's actions in a professional malpractice action. Upon the expiration of the limitations

period for any such action, either party may request that the Receiving Party destroy all remaining documents designated as "Confidential" or "Confidential-Attorneys' Eyes Only." Such documents shall be destroyed and a certification of destruction provided to the Producing Party within 60 days of receipt of such request.

8. <u>Miscellaneous</u>

    a.    Nothing in the Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

    b.    Consent to this Protective Order shall not be construed as an agreement by any party to produce or supply any information, as a waiver by any party of its right to object to any discovery sought by any other party or as a waiver of any privilege. Production, receipt or designation of information pursuant to this Protective Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

    c.    In the event that a Receiving Party receives any subpoena or process pertaining to any CONFIDENTIAL INFORMATION, it will immediately notify counsel for the Producing Party. No party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the Producing Party or an order of a Court of competent jurisdiction.

    d.    This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition

105108522.3

the Court to modify or amend its terms. The obligations of the Protective Order shall survive the termination of the Action.

Entered this 16th day of March, 2015 at Denver, Colorado.

_____
United States Magistrate Judge

Approved as to Form:

**STINSON LEONARD STREET LLP**

By: _/s/ Perry L. Glantz_
Perry L. Glantz, #16869
6400 South Fiddlers Green Circle, Suite 1900
Greenwood Village, CO  80111
Telephone: 303-376-8410
Facsimile:  303-578-7967
perry.glantz@stinsonleonard.com

Tracey Donesky
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Telephone: 612-335-1479
Facsimile:   612-335-1657
tracey.donesky@stinsonleonard.com

Patricia A. Konopka
1201 Walnut, Suite 2900
Kansas City, MO  64106
Telephone: 816-691-3312
Facsimile:  816-691-3495
pat.konopka@stinsonleonard.com

ATTORNEYS FOR DEFENDANTS

/s/ Michael A. Josephson
Michael A. Josephson
Andrew Dunlap
Lindsay Itkin
FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON
1150 Bissonnet
Houston, TX 77005
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02993-CBS

RANDALL ARMFIELD, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

SECURE ENERGY SERVICES USA,
LLC; SECURE DRILLING SERVICES
USA, LLC D/B/A MARQUIS ALLIANCE
ENERGY GROUP USA, LLC,

    Defendants.

## AGREEMENT

I have read and understand the Stipulated Protective Order entered in this lawsuit. I acknowledge that information designated as CONFIDENTIAL INFORMATION pursuant to such Protective Order is being disclosed to me only upon the condition that I agree to be subject to that Order and that I agree not to disclose such CONFIDENTIAL INFORMATION to anyone, unless I am expressly permitted to do so under that Protective Order. I acknowledge and agree that such CONFIDENTIAL INFORMATION shall be used solely and exclusively for purposes of this lawsuit and shall not be used in or for any other cases, proceedings or disputes, or for any commercial, business, competitive or other purpose whatsoever. I hereby agree to abide by and be bound by such Order.

_____
Signature

_____
Printed Name

**EXHIBIT A**